Citation Nr: 1749194 
Decision Date: 10/31/17 Archive Date: 11/06/17

DOCKET NO. 09-36 410 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Los Angeles, California


THE ISSUES

1. Entitlement to service connection for a cervical spine disability. 

2. Entitlement to service connection for a lumbar spine disability. 

3. Entitlement to service connection for hepatitis C.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Appellant and Spouse



ATTORNEY FOR THE BOARD

J. T. Hutcheson, Counsel


INTRODUCTION

The Veteran had active service from December 1965 to December 1967. He served in the Republic of Vietnam. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2008 rating decision of the San Diego, California, Regional Office of the Department of Veterans Affairs (VA) which determined that new and material evidence had not been receive to reopen claims for service connection for lumbar and cervical disc disease with radiculopathy and hepatitis C with liver failure. The Veteran appeared at a March 2016 hearing before the undersigned Veterans Law Judge at the Los Angeles, California, Regional Office (RO). A hearing transcript is of record.

In May 2016, the Board determined that new and material evidence had been received to reopen the claim for service connection for hepatitis C; determined that new and material evidence had not been received to reopen the claims of entitlement to service connection for a cervical spine disability and a lumbar spine disability; and remanded the claim for service connection for hepatitis C for additional development of the record. The Veteran appealed to the United States Court of Appeals for Veterans Claims. 

In November 2016, the United States Court of Appeals for Veterans Claims granted the Parties' Joint Motion for Partial Remand; vacated that portion of the May 2016 Board decision which determined that new and material evidence had not been received to reopen the claims of entitlement to service connection for both a cervical spine disability and a lumbar spine disability; and remanded those issues to the Board for compliance with the Joint Motion. 

In February 2017, the Board determined that new and material evidence had been received to reopen the claims for service connection for a cervical spine disability and a lumbar spine disability and remand those issues and the claim for service connection for hepatitis C for additional development of the record. 

The Veteran's appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C.A. § 7107 (a)(2) (West 2014). 

The claim for service connection for hepatitis C is REMANDED to the Agency of Original Jurisdiction. 


FINDINGS OF FACT

1. The Veteran served as a cannoneer with the Army in the Republic of Vietnam and participated in combat against enemy forces. 

2. Cervical spine degenerative disc disease has been shown to have originated during active service. 

3. Lumbar spine degenerative disc disease has been shown to have originated during active service. 


CONCLUSIONS OF LAW

1. The criteria for service connection for cervical spine degenerative disc disease are met. 38 U.S.C.A. §§ 1110, 1154, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.326(a) (2017). 

2. The criteria for service connection for lumbar spine degenerative disc disease are met. 38 U.S.C.A. §§ 1110, 1154, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.326(a) (2017). 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran asserts that service connection for cervical spine and lumbar spine disabilities is warranted as he injured his neck and back lifting shells and other strenuous activities while serving as a cannoneer in the Republic of Vietnam. He claims that he has experienced recurrent neck and low back pain since separation from active service. 

Service connection may be granted for disability arising from disease or injury incurred in or aggravated by wartime service. 38 U.S.C.A. § 1110 (West 2014). Service connection may be granted for any disease diagnosed after discharge when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d) (2017). 

In the case of any Veteran who engaged in combat with the enemy in active service during a period of war, VA shall accept as sufficient proof of service connection of any disease or injury alleged to have been incurred in or aggravated by that service satisfactory lay or other evidence of service incurrence or aggravation of that injury or disease, if consistent with the circumstances, conditions, or hardships of that service, notwithstanding the fact that there is no official record of such incurrence or aggravation in such service, and, to that end, shall resolve every reasonable doubt in favor of the Veteran. Service connection of that injury or disease may be rebutted by clear and convincing evidence to the contrary. The reasons for granting or denying service-connection in each case shall be recorded in full. 38 U.S.C.A. § 1154(b) (West 2014). 

The Veteran served as a cannoneer with the Army in Republic of Vietnam. Therefore, the Veteran's participation in combat is conceded. 

The service medical records do not refer to a spinal disability or other abnormalities. The Veteran's service separation form indicates that the Veteran served with an Army field artillery unit in the Republic of Vietnam. 

Private clinical documentation dated in April 1995 states that the Veteran was diagnosed with lumbar and cervical disease with radiculopathy. 

At the March 2016 Board hearing, the Veteran testified that he had initially experienced neck and low back problems in 1967, shortly prior to service separation. The accredited representative clarified that the Veteran had aches and pains due to lifting heavy equipment and moving his artillery gun around in position and occasionally strained his back performing his service duties. 

The report of a June 2017 spine examination conducted for VA and the July 2017 addendum thereto state that the Veteran was diagnosed with both cervical spine and lumbar spine degenerative disc disease. The examiner concluded that "based on the history noted in the C-file and records confirming his service during Vietnam War, it is likely that the Veteran's current cervical and lumbar spine condition is associated with cervical and lumbar pain secondary to his service during Vietnam War (heavy lifting and artillery movement as a cannoneer during combat)." 

The Veteran asserts that service connection for cervical and lumbar spine disabilities is warranted as the claimed disabilities were initially manifested secondary to his military duties as a cannoneer in the Republic of Vietnam. The Veteran participated in combat in Republic of Vietnam. A spine examination conducted for VA concluded that the diagnosed cervical spine and lumbar spine degenerative disc disease were manifested as the result of the Veteran's reported in-service combat-related spinal injury. The Board finds the evidence is therefore in at least equipoise as to whether the cervical spine and lumbar spine degenerative disc disease originated during active service. Upon application of the provisions of 38 U.S.C.A. § 1154(b) (West 2014) and resolution of all reasonable doubt in the Veteran's favor, the Board concludes that service connection for both cervical spine degenerative disc disease and lumbar spine degenerative disc disease is now warranted. 38 U.S.C.A. § 5107 (West 2014); 38 C.F.R. § 3.102 (2017). 




ORDER

Service connection for cervical spine degenerative disc disease is granted. 

Service connection for lumbar spine degenerative disc disease is granted. 


REMAND

Unfortunately, another remand is required for the claim for service connection for hepatitis C. Although the Board sincerely regrets the additional delay, it is necessary to ensure that there is a complete record upon which to decide the Veteran's claim so that he is afforded every possible consideration. 

The report of a November 2007 examination conducted for VA shows that the Veteran presented a history of hepatitis C since 1965 and reported that the disease "was transmitted through exposure to blood in the war" and "was contracted through air injection guns." The Veteran was diagnosed with hepatitis C. The examiner commented that "the likely risk factor is exposure to blood during war" and "he was exposed to this risk factor during military service because patient was in Vietnam War." 

At the March 2016 Board hearing, the Veteran testified that he had "participated in graves registration detail, where you picked up dead bodies" and "came in contact with quite a bit of blood." 

The report of a June 2017 hepatitic C examination conducted for VA and the July 2017 addendum thereto state that the Veteran was noted to be "a nursing home patient with a tracheotomy" and therefore unable to report for an examination. Clinical documentation of the Veteran's treatment at the nursing facility is not of record. The Veteran was diagnosed with hepatitis C, cirrhosis, and liver transplant residuals. The examiner commented that "it is acknowledged that exposure to body fluids (blood) is a risk factor for contracting hepatitis, however, at this time, there is insufficient evidence to confirm the noted verbal etiology (exposure to blood during the war) noted in the C-file." The physician did not address whether the diagnosed hepatitis C was manifested secondary to the reported air injection guns as noted in the November 2007 examination report. 

Action has not been undertaken to verify the Veteran's reported participation with a graves registration detail in the Republic of Vietnam. 

VA should obtain all relevant military, VA, and private treatment records which could potentially be helpful in resolving the claim. See Murphy v. Derwinski, 1 Vet. App. 78 (1990); Bell v. Derwinski, 2 Vet. App. 611 (1992). 

VA's duty to assist includes, in appropriate cases, the duty to conduct a thorough and contemporaneous medical examination which is accurate and fully descriptive. McLendon v. Nicholson, 20 Vet. App. 79 (2006); Green v. Derwinski, 1 Vet. App. 121 (1991). When VA obtains an examination, the examination must be adequate. Barr v. Nicholson, 21 Vet. App. 303 (2007). Because of the cited deficiencies in the June 2017 hepatitis C evaluation and the July 2017 addendum, the Board finds that the record should be again referred to obtain an opinion as to the etiology of the diagnosed hepatitis C and any relationship to active service, including the reported air gun injection and graves registration detail. 

Accordingly, the case is REMANDED for the following action:

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). Expedited handling is requested. 

1. Contact the United States Army and Joint Services Records Research Center (JSRRC) and/or any appropriate service entity and request that a search be made for any documentation of the Veteran's reported in-service graves registration detail. If no records are located, a written statement to that effect should be incorporated into the record. 

2. Contact the Veteran and request that he provide information as to his reported ongoing treatment at a nursing facility, including the names and addresses of all health care providers whose records have not already been provided to VA. Upon receipt of the requested information and the appropriate releases, contact all identified health care providers and request copies of all available records pertaining to treatment of the Veteran, not already of record, for incorporation into the record. If identified records are not obtained, then notify the Veteran. 38 C.F.R. § 3.159(e) (2017). 

3. The Veteran's records should then be referred to a physician other than that who conducted the June 2017 hepatitis C evaluation to obtain an opinion as to the etiology of the diagnosed hepatitis C and its relationship, if any, to active service. A rationale for all opinions should be provided. The examiner should provide the following opinions:

(a) Is it at least as likely as not (50 percent probability or greater) that the diagnosed hepatitis C had its onset during active service or is related to any incident of service, including the Veteran's combat experiences in the Republic of Vietnam? 

(b) Is it at least as likely as not (50 percent probability or greater) that the diagnosed hepatitis C had its onset due to the reported in-service air gun injections? 

(c) If the Veteran's in-service graves registration detail is documented, is at least as likely as not (50 percent probability or greater) that the diagnosed hepatitis C had its onset due to the documented graves registration detail?

4. Then readjudicate the claim on appeal. If any decision is adverse to the Veteran, issue a supplemental statement of the case and allow the applicable time for response. Then return the case to the Board. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West 2014). 



______________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs